UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 17-2167 |
| **$4,500.00 in U.S. CURRENCY, et al.,** | |
| **Defendants.** | |

### REPORT & RECOMMENDATION

This case is before the Court on the Motion to Strike Claims filed by John Johnson and for Entry of Default (#30) filed by the government. Defendants did not file a response. Pursuant to Local Rule 7.1, the Court presumes there is no opposition and may rule without further notice to the parties. For the reasons provided below, the Court recommends that the government's Motion to Strike Claims filed by John Johnson and for Entry of Default (#30) be granted.

The government filed its forfeiture Complaint on July 24, 2017, seeking forfeiture of money furnished or intended to be furnished in exchange for a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq., proceeds traceable to such an exchange, or involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 (money laundering). The government is seeking forfeiture of $4,500.00 in U.S. currency and six Decatur Earthmover Credit Union cashier's checks valued at $26,394.00.

This forfeiture action is governed by 18 U.S.C. § 983 and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rule G"). In a forfeiture action, the government "must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the

government." Supplemental Rule G(4)(b)(i). The notice must state: the date when the notice is sent; a deadline for filing a claim, at least 35 days after the notice is sent; that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and the name of the government attorney to be served with the claim and answer. Supplemental Rule G(4)(b)(ii).[1]

The government served the Complaint and Notice of Civil Forfeiture on Defendant John Johnson by certified mail and U.S. Mail on December 7, 2020 (#21). The Notice satisfied the requirements of Supplemental Rule G(4)(b)(ii) and provided that Defendant Johnson must file any claim by January 7, 2021. On January 7, 2021, Defendant Johnson filed claims for the $26,394.00 in cashier's checks (#22) and $4,500.00 in U.S. Currency (#23). On January 15, 2021, Defendant Johnson filed a Motion for Extension of Time to Answer (#24). The Court extended Defendant's deadline to respond to the Complaint to January 29, 2021. Defendant filed a second Motion for Extension of Time (#26) on February 16, 2021. Defendant's second Motion sought leave for Defendant to appear pro se and a request by defense counsel to withdraw. The Court granted Defendant Johnson leave to proceed *pro se*, terminated defense counsel, and extended Defendant's deadline to answer the Complaint to March 16, 2021. As of the date of this Order, Defendant Johnson has not responded to the Complaint.

Defendant Johnson timely filed his claims, but failed to file a responsive pleading as required by 18 U.S.C. § 983(a)(4)(B) and Supplemental Rule G(5)(b). Section 18 U.S.C. § 983(a)(4)(B) provides, "A person asserting an interest in seized property, in accordance with subparagraph (A), shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim." Supplemental Rule G(5)(b) provides, "A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Despite the two extensions of time granted by the Court, Defendant Johnson failed to file an answer to the government's Complaint.

---

[1] The government fulfilled its requirement to notify all potential claimants of the action. On November 26, 2020, Notice of Civil Forfeiture was posted on www.forfeiture.gov for at least 30 consecutive days as required by Rule G(4)(a)(iv)(C) (#25). No one other than Johnson filed a verified claim within 60 days after the publication on www.forfeiture.gov as required by Rule G(5)(ii)(B).

"The purpose of the answer in forfeiture actions 'is to set forth in detail the claims and defenses which the claimant believes support the assertion of his claim to the property.'" *United States v. Four Thousand Two Hundred Ninety and 00/100 ($4,290.00) in U.S. Currency*, 2014 WL 859561 at *2 (C.D. Ill, Mar. 5, 2014) (quoting *United States v. $4,629.00 in U.S. Currency*, 359 F.Supp.2d 504, 507 (W.D. Va. 2005). "[A] claimant must meet the procedural requirements of 18 U.S.C. § 983(a)(4)(A)-(B), Rule G(5)(b) and Supplemental Rule C(6)(a)(i)(A) in order to have standing to defend the forfeiture." *Id*. Failure to file a timely answer deprives a defendant of standing to file a claim. *U.S. v. Thirty-Four Thousand One Hundred Fifty and 00/100 in U.S. Currency*, 2009 WL 29449 at *2 (C.D. Ill. Jan. 5, 2009) (granting the government's motion to strike claim and enter default after finding that the defendant's late answer deprived a defendant of standing).

Defendant Johnson's failure to file a timely answer deprives him of standing to file his claims for the property. Accordingly, the Court recommends that (1) the government's Motion to Strike Claims filed by John Johnson and for Entry of Default (#30) be granted; (2) Defendant's claims (#22, 23) be stricken; (3) an entry of default be entered against Defendant; and (4) a 21-day deadline be set for the government to file a motion for default judgment.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 13th day of October, 2021.

                                            s/ERIC I. LONG
                                UNITED STATES MAGISTRATE JUDGE